This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Troy Bell, has appealed the decision of the Wayne County Municipal Court which denied his motion to suppress. We affirm.
Defendant was charged with driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1); resisting arrest, in violation of R.C. 2921.33; and failure to control, in violation of Codified Ordinances of the City of Wooster 331.34. Defendant pled not guilty and moved to suppress all evidence obtained by law enforcement. The trial court overruled the motion.
As part of a plea bargain, Defendant changed his plea to no contest on the charge of driving while under the influence and entered a plea of no contest to a new charge of disorderly conduct, a violation of R.C.2917.11(A)(1). The State dismissed the remaining charges. The trial court accepted the plea and sentenced Defendant accordingly. Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred to the prejudice of [Defendant] when the trial court overruled [Defendant's] motion to suppress evidence, in violation of [Defendant's] right to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article One, Section Fourteen of the Ohio Constitution.
 In his sole assignment of error, Defendant argues that the trial court erred in denying his motion to suppress because the facts did not support a reasonable, articulable suspicion of criminal activity justifying the stop of Defendant. We disagree.
Our standard of review of the trial court's decision on a motion to suppress is de novo. State v. Bing (1999), 134 Ohio App.3d 444, 448, citing Ornelas v. United States (1996), 517 U.S. 690, 699,134 L.Ed.2d 911, 920. However, our review of the facts looks only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Id. Thus, we will accept the trial court's factual determination if it is supported by competent, credible evidence and without deference to the trial court's conclusion, we will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994), 95 Ohio App.3d 93, 96.
Defendant has the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters, which are necessary to support his assignments of error. See Volodkevich, v. Volodkevich
(1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Defendant did not cause the transcript of the suppression hearing to be filed with the court of appeals.[1] As a result, it is not part of the record on appeal. Therefore, since the transcript necessary to review the denial of the motion to suppress is not properly before this Court to review, this Court must presume regularity in the proceedings below and affirm the decision of the trial court. Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BAIRD, P.J., CARR, J. CONCUR.
[1] The record indicates that the only transcript filed was that of the sentencing hearing of June 20, 2000.