This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant William Giermann has appealed from an order of the Akron Municipal Court that denied his motion to suppress evidence. This Court affirms.
 I
Appellant was operating an automobile in the city of Akron when he was stopped by Officer Aaron Eckart of the Akron Police Department. Traveling with Appellant in the passenger seat of the vehicle was a woman recognized by Officer Eckart as a known prostitute and drug user. The officer asked both Appellant and the passenger for identification, whereupon he discovered that there were outstanding warrants for the arrest of the passenger. Officer Eckart then asked for and obtained Appellant's consent to search the automobile and his person. The search revealed a marijuana pipe under the floormat of the vehicle, and another marijuana pipe and a small amount of marijuana in Appellant's pockets.
Officer Eckart arrested Appellant on charges of possession of marijuana in violation of Akron City Code ("A.C.C.") 138.10, and possession of drug paraphernalia in violation of A.C.C. 138.28. Appellant entered pleas of not guilty to both charges in the Akron Municipal Court, and thereafter filed a motion to suppress the marijuana and marijuana pipe seized during the search. Following a hearing on the matter, the trial court denied Appellant's motion to suppress the evidence. Appellant then entered a plea of no contest to the charge of possession of drug paraphernalia, and the charge of possession of marijuana was merged and dismissed by the trial court. The trial court found Appellant guilty of the charge of possession of drug paraphernalia, and sentenced Appellant to a fine of two hundred fifty dollars and thirty days in the Summit County Jail. The trial court suspended the jail term. Appellant has timely appealed from the denial of his motion to suppress, asserting one assignment of error.
 II Assignment of Error "The investigatory stop of the Appellant was in violation of his Fourth Amendment right against unreasonable searches and seizures because it was not based on a reasonable and articulable suspicion considered under the totality of the circumstances."
In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress the evidence obtained during the search. Appellant has contended that the initial stop of his vehicle was in violation of his constitutional rights because Officer Eckart did not have a reasonable, articulable suspicion that Appellant had engaged or was about to engage in criminal activity.
An appellate court reviews a trial court's decision on a motion to suppress de novo. State v. Bing (1999), 134 Ohio App.3d 444, 448, citingOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,134 L.Ed.2d 911. However, the appellate court reviews the facts only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Id. Accordingly, this Court accepts the factual determinations of the trial court if they are supported by competent, credible evidence, and without deference to the trial court's conclusions will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994), 95 Ohio App.3d 93,96.
The first issue that must be addressed by this Court concerns the contents of the record on appeal. It appears that the audio recording device used to record proceedings in the trial court was malfunctioning during the first portion of the hearing on Appellant's motion. The equipment began recording at some point during the testimony of Officer Eckart, and Appellant has supplied a transcription of the recorded testimony. The city also drafted and filed what it captioned an "App.R. 9 statement to complete the record," which purports to contain facts related during the unrecorded portion of the hearing. The trial court judge, as well as counsel for both the city and Appellant, signed as having "approved" the App.R. 9 statement. Two statements are thus before this Court regarding the proceedings at the suppression hearing: the city's App.R. 9 agreed statement attesting to the facts related during the unrecorded portion of the testimony, and the "partial statement of the record" transcribed at Appellant's request from the recorded portion of the hearing.
The city has argued that the transcribed testimony from the hearing is not properly a part of the record on appeal because it is neither a transcript of the proceedings nor a supplement to the record that complies with App.R. 9. On appeal, this Court may only consider a transcript prepared by an official court reporter. City of Twinsburg v.Atkins (Oct. 3, 2001), 9th Dist. No. 20510, at 4. The official court reporter "is the person appointed by the court to transcribe the proceedings for the trial court[.]" App.R. 9(B). The "partial statement of the record" contains no certification pursuant to Loc.R. 6(B) reflecting the appointment by the trial court of the person who transcribed the audio-taped testimony. Nor does the record contain an entry of the trial court appointing a court reporter who has certified the transcript pursuant to Loc.R. 6(C)(2).[1] Upon review of the record, there is no evidence that the "partial statement of the record" submitted by Appellant was prepared by an official court reporter of the Akron Municipal Court.
App.R. 9(B) further provides: "If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized." In addition, "If the trial court does not have an official court reporter, regardless of the means by which the proceedings were recorded, the appellant shall proceed under App.R. 9(C) or 9(D)." Loc.R. 5(A)(2). However, the record contains no evidence that Appellant served the city with the "partial statement of the record" as required by App.R. 9(C), and the statement does not qualify as an agreed statement in lieu of the record pursuant to App.R. 9(D). As a result, this Court cannot consider the "partial statement of the record" submitted by Appellant.
Appellant had the burden of providing this Court with a record of the facts, testimony, and evidentiary matters necessary to support his assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314.
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment. Wozniak v.Wozniak (1993), 90 Ohio App.3d 400, 409. Because a complete record of the testimony at the suppression hearing is necessary for the resolution of Appellant's assignment of error, this Court must presume regularity in the trial court's proceedings and affirm the judgment of the lower court.
 III
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] The trial court's signature and postscript: "I approve the transcript" on the last page of the partial statement of the record is not effective as an appointment of an official court reporter in compliance with App.R. 9(B) and Loc.R. 6(C)(2).