This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Stephen Baldwin, appeals the decision of Cuyahoga Falls Municipal Court which denied his motion to suppress. This Court affirms.
 I.
On December 22, 2000, around 2:30 a.m., appellant was driving with his girlfriend through Cuyahoga Falls. While traveling westbound on Portage Trail, appellant was stopped by Officer Ford of the Cuyahoga Falls Police Department. Officer Ford was traveling eastbound on Portage Trail when he first observed appellant's vehicle cross onto the solid yellow center line of the road and then weave back off the center line. Officer Ford turned around and proceeded to follow appellant west on Portage Trail. Minutes later, Officer Ford observed appellant's vehicle cross left of the center line again, with the front left tire traveling two feet left of the center line.
Officer Ford stopped appellant on Portage Trail, near Albertson Parkway. After observing appellant's red eyes and sluggish, slurred speech, and hearing appellant say he had "had a few", Officer Ford asked appellant to perform certain roadside tests. Appellant failed the tests and Officer Ford arrested appellant for driving under the influence of alcohol.
Appellant was charged with D.U.I., in violation of City of Cuyahoga Falls Codified Ordinance 333.01(A)(1), driving with a BAC over 10%, in violation of City of Cuyahoga Falls Codified Ordinance 333.01(A)(3), and driving a weaving course, in violation of City of Cuyahoga Falls Codified Ordinance 331.34(b). Appellant pled not guilty to all three charges and filed a motion to suppress. At the conclusion of the suppression hearing, the trial court overruled appellant's motion to suppress and the case was set for trial. On the first day of trial, appellant pled no contest to the DUI charge and was sentenced accordingly. Appellant is now before this Court to appeal the trial court's decision to overrule Appellant's motion to suppress.
Appellant timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE POLICE OFFICER DID NOT HAVE SUFFICIENT PROBABLE CAUSE TO STOP AND DETAIN THE DEFENDANT-APPELLANT."
Appellant asserts that Officer Ford did not have sufficient probable cause to stop his vehicle and subject him to roadside sobriety tests. Appellant specifically argues that Officer Ford did not have reasonable suspicion that appellant was weaving in his lane in violation of City of Cuyahoga Falls Codified Ordinance 331.34(b) to justify the traffic stop. This Court disagrees.
An appellate court's standard of review with respect to a motion to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer
(1996), 112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653.
The appellate court's review of the facts looks only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. State v. Bing (1999), 134 Ohio App.3d 444, 448, citingOrnelas v. United States (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. However, once accepting those facts as true, the appellate court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
In the instant case, Officer Ford testified at the suppression hearing. He testified that at 2:47 a.m. he observed appellant's vehicle cross over the solid yellow center line of the two-lane road, for three to four seconds, and come back off the center line as appellant drove westbound on Portage Trail. Officer Ford testified that he followed appellant's vehicle, observed the vehicle cross left of the center line again, the left tire being two feet left of the center line, and pulled over appellant's vehicle.
A law enforcement officer may perform a warrantless investigative stop of a vehicle if it is supported by a reasonable, articulable suspicion that the driver is engaged in criminal activity or is operating his vehicle in violation of the law. See Terry v. Ohio (1968), 392 U.S. 1,27, 20 L.Ed.2d 889; Delaware v. Prouse (1979), 440 U.S. 648, 663,59 L.Ed.2d 660. The United States Supreme Court has held that a traffic stop is lawful, regardless of an officer's motives in stopping a vehicle, so long as a reasonable officer could stop the vehicle for a traffic violation. See Whren v. United States (1996), 517 U.S. 806, 809, 813,135 L.Ed.2d 89.
Cuyahoga Falls Ordinance 331.34(b) prohibits operation of a vehicle in a weaving or zigzag course. Ohio caselaw has found that operating a vehicle in a weaving course is sufficient to justify an investigatory stop. State v. Wetshtein (Nov. 4, 1998), 9th Dist. No. 19014; CuyahogaFalls v. Morris (Aug. 19, 1998), 9th Dist. No. 18861. Cuyahoga Falls Ordinance 331.01 prohibits driving a vehicle left of the center line on a roadway. Ohio caselaw has also found that driving a vehicle left of the center line on a roadway is sufficient to justify an investigatory stop. State v. Steele (Sept. 7, 1999), 5th Dist. No. 1998CA00343; Statev. Mook (July 15, 1998), 9th Dist. No. 97CA0069.
Officer Ford personally watched appellant both weaving and driving left of the center line on Portage Trail. Once Officer Ford observed appellant commit these traffic violations, he was clearly justified in stopping his vehicle. After reviewing the record of the suppression hearing, this Court finds that Officer Ford possessed reasonable and articulable suspicion to stop appellant for violating Cuyahoga Falls traffic ordinances. The trial court correctly overruled appellant's motion to suppress. Therefore, this Court finds that sufficient probable cause existed to stop appellant's vehicle and detain appellant.
 III.
Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.