This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jeff Lamar Rucker, appeals the decision of the Summit County Court of Common Pleas, which denied his motion to suppress and convicted him of aggravated burglary and felonious assault. This Court affirms.
 I.
On August 6, 2001, the victim, Tamika Renter, heard a window breaking in her home while she was in bed with her daughters. Tamika went to the top of her stairs, where she encountered a man, holding a metal baseball bat, coming up the stairs toward her. After briefly questioning Tamika, the man pulled her down the stairs, punched her in her eyes, and smacked her on both sides of her face, breaking Tamika's left eardrum. Tamika tried to run out her front door and the man struck her in the head with the bat. While Tamika's head was bleeding from the first blow, the man hit her again on her lower legs with the bat. The man left in a car and Tamika managed to reach a payphone and call 9-1-1 to report the assault.
Several police officers arrived at the scene. Tamika was driven to the Akron police department, where Officer Shields showed her a photo array. When Tamika looked at the photo array, she identified the appellant as her attacker. Appellant was indicted for one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), and one count of felonious assault, in violation of R.C. 2903.11(A)(2). Appellant pled not guilty, and the case went to a jury trial on December 13, 2001. The trial court found appellant guilty on both counts and sentenced him to four years in prison.
Appellant timely appealed and has set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS."
In his first assignment of error, appellant asserts that the trial court abused its discretion in failing to grant appellant's motion to suppress the photographic identification of appellant by Tamika. Appellant specifically argues that the photographic identification was improper in that the picture of appellant used in the photo array did not show him with beads in his hair and, therefore, violated his due process rights. This Court disagrees.
To begin, an appellate court reviews a trial court's ruling on a motion to suppress de novo. State v. Russell (1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States (1996), 517 U.S. 690, 698-699. However, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v.Hopfer (1996), 112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. Therefore, an appellate court's review of the findings of fact looks only for clear error, giving due deference to the trial court as to the inferences drawn from the facts. State v. Bing
(1999), 134 Ohio App.3d 444, 448, citing Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. Accepting those facts as true, the appellate court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594.
After a hearing on appellant's motion to suppress the eyewitness identification, the trial court found that the Akron Police Department's identification procedure in appellant's case was not impermissibly suggestive, and it denied appellant's motion. Officer Shields testified at the hearing, stating that when he arrived at the scene and talked with Tamika, she told him that when her attacker first approached her in her house, he kept asking her "who hit my son? who was fighting with my son? who was here?"
Officer Shields further testified that when he was speaking with Tamika, "she described an event that happened * * * earlier in the day with her nephew and some of the neighbor kids [being] involved in a fight. [We] went [to] the neighbor and asked her who the father of her child was that was involved in the fight, and that's how we were able to develop Mr. Rucker as a suspect." Officer Shields explained that he took Tamika to the police station, and had her wait in another room while he went to the Identification Bureau to request that Detective Fox compile a photo array to show her.
Detective Fox also testified at the hearing, stating that he developed the photo array including appellant's picture by entering their computer system and searching through photos of black males with similarities to appellant. He explained that he deliberately excluded the picture of appellant with white beads in his hair in fairness to appellant because "that would be next to impossible to match in the record because he would be the only one — if I assembled an array, he would be the only one with beads in his hair." Instead, Detective Fox used a picture of appellant with shorter hair that he found in the system.
Officer Shields testified that he did not discuss with Tamika that appellant was a possible suspect at any time before he had her look at the photo array. He testified that when Detective Fox and himself presented the photo array to Tamika, he asked her if any of the six individuals were her attacker and she immediately identified appellant's picture. Detective Fox testified that he may have told Tamika that she should pay attention to features such as the individuals' eyes, noses, and mouths because that is the standard instruction he gives to people who are going to look at a photo array.
After careful review of the record, this Court cannot find that the trial court erred in finding that the Akron Police Department's identification procedure in appellant's case was proper, thus denying appellant's motion to suppress Tamika's photo identification of appellant. The trial court's findings were supported by competent, credible evidence. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his second assignment of error, appellant asserts that his convictions are against the manifest weight of the evidence presented during his trial. This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court reviews the entire record and "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. Furthermore, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
The State provided four credible witnesses who testified as to Tamika's assault, the events and evidence that led to the development of appellant as the suspect, and the subsequent identification of appellant by Tamika. The State admitted into evidence the 9-1-1 tape of Tamika, the photograph of the damage to Tamika's front door, the hospital medical records and photographs of the injuries to her head and legs, and the photo array from which Tamika identified appellant as her attacker. Appellant's sister and girlfriend testified, but their statements did not provide evidence toward appellant's alibi because neither witness could say with certainty that appellant was at home between 11:45pm and 12:15 a.m. on the night of the burglary and assault against Tamika.
In the case sub judice, the jury had the opportunity to observe the witnesses' testimony and weigh the credibility of the testimony; therefore, this Court must give deference to the jury's decision. SeeBerger v. Dare (1994), 99 Ohio App.3d 103, 106. Upon careful review of the testimony and evidence presented at trial, this Court finds that the jury did not act contrary to the manifest weight of the evidence in convicting appellant of aggravated burglary and felonious assault. Appellant's second assignment of error is overruled.
 III.
Accordingly, appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.