This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Raymal Glen, appeals the decision of the Lorain County Court of Common Pleas, which denied his motion to suppress. This Court affirms.
 I. {¶ 2} On September 18, 2001, Detective Welsh ("Welsh") of the Narcotics Unit of the Elyria Police Department, along with Patrolman Sumpter ("Sumpter"), were assigned to the South Park Apartments ("South Park") located at 1864 Middle Avenue. South Park is a government-subsidized housing project area where numerous complaints of high criminal activity and drugs have resulted in the Elyria Police Department creating a special detail that assigns uniformed officers to patrol the area 24 hours a day. Welsh had made several arrests at South Park in the past.
 {¶ 3} On September 18, 2001, Welsh and Sumpter and several of their supervisors from the police department met with the resident manager of South Park. During that meeting, the resident manager conveyed to the officers numerous complaints she received from South Park residents concerning subjects from Cleveland who were carrying on illegal activities such as selling drugs and shooting weapons inside the complex. South Park has instituted a trespass policy to respond to these problems, which the police help enforce at the complex. South Park residents have been advised of this policy and informed that if they have any visitors at the complex they must stay in residents' company because visitors are not allowed to roam the complex unless they are escorted by a resident.
 {¶ 4} After meeting with the resident manager, Welsh and Sumpter began patrolling South Park. While in the police cruiser, Welsh saw appellant looking out the vestibule window of B building of the complex. Appellant caught Welsh's attention because Welsh knew that appellant was not a resident, that appellant was from Cleveland, and that Welsh had previously spoken to appellant about trespassing on the property.
 {¶ 5} Welsh and Sumpter drove to the back of the complex, parked the cruiser, and walked to where they had observed appellant. As they approached the vestibule, appellant walked outside of the door and appeared startled that the officers were in front of him. Welsh informed appellant of the trespass policy again and advised him that the police were receiving complaints about subjects from Cleveland causing trouble at the complex. When asked whom he was with on the premises, appellant said he was with a female resident, but he did not know where she was at that time. Welsh asked appellant if he could see identification to check for warrants and appellant handed Welsh his identification.
 {¶ 6} Welsh requested appellant's consent to search his person. A search ensued and, as Welsh attempted to pat down appellant's left front pants pocket, appellant forced Welsh's hand away. An altercation between appellant and the officers followed and appellant threw contents from his pocket as the officers attempted to handcuff him. Appellant was arrested and the officers recovered a large amount of money and crack cocaine that appellant had thrown away.
 {¶ 7} Appellant was indicted on one count of Possession of Cocaine in violation of R.C. 2925.11, one count of Possession of Marijuana in violation of R.C. 2925.11, and one count of Resisting Arrest in violation of R.C. 2921.33(A). Appellant was arraigned on all counts and filed a motion to suppress the evidence seized during his arrest. A hearing on the matter was held, testimony was presented, and the trial court denied appellant's motion. The case was set for trial.
 {¶ 8} On January 29, 2002, appellant entered a plea of no contest to the indictment. On January 30, 2002, appellant was sentenced to two years incarceration for possession of cocaine, one month incarceration for resisting arrest, and the court imposed costs upon appellant for possession of marijuana. Appellant's sentences were to run concurrently.
 {¶ 9} Appellant timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 11} In his sole assignment of error, appellant argues that the trial court erred when it denied his motion to suppress evidence. This Court disagrees.
 {¶ 12} An appellate court's standard of review with respect to a motion to suppress is de novo. State v. Nichols, 9th Dist. No. 01CA0037, 2002-Ohio-1993 at ¶ 4. However, the reviewing court need only determine whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996),112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653.
 {¶ 13} The appellate court's review of the facts looks only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. State v. Bing (1999), 134 Ohio App.3d 444, 448, citing Ornelas v. United States (1996), 517 U.S. 690, 699,134 L.Ed.2d 911. However, once accepting those facts as true, the appellate court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
 {¶ 14} The Fourth Amendment to the United States Constitution provides in part that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" Even so, "not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may [a reviewing court] conclude that a `seizure' has occurred." Terry v. Ohio
(1968), 392 U.S. 1, fn. 16, 20 L.Ed.2d 889. An officer's show of authority must be so threatening that a reasonable person would not have believed he was free to leave. State v. Daniel (1992), 81 Ohio App.3d 325,328.
 {¶ 15} This Court has found that consensual encounters between police and citizens do not qualify as a seizure under theFourth Amendment. State v. Brunson, 9th Dist. No. 20903, 2002-Ohio-3025; Statev. Arnold (April 28, 1999), 9th Dist. No. 2884-M. It is well settled that "[l]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen[.]" Florida v.Royer (1982), 460 U.S. 491, 497, 75 L.Ed.2d 229.
 {¶ 16} Even when officers have no basis for suspecting an individual, the United States Supreme Court has held that they may ask questions and request consent to search a person under the condition that they do not communicate that the individual must comply with their request. Florida v. Bostick (1991), 501 U.S. 429, 434-435,115 L.Ed.2d 389. "A consensual encounter occurs when a police officer approaches a person in a public place, engages the person in conversation or requests information, and the person remains free not to answer and walk away."State v. Guinn (June 1, 2000), 10th Dist. No. 99AP-630, citing UnitedStates v. Mendenhall (1980), 446 U.S. 544, 553, 64 L.Ed.2d 497.
 {¶ 17} In the instant case, Welsh testified that he and Sumpter observed appellant in the vestibule of B building as they were patrolling South Park. Welsh stated he knew appellant was not a resident at South Park because Welsh had spoken with appellant in the past regarding criminal trespass at the complex. Welsh further testified that when he and Sumpter were approaching the area, appellant walked outside of the vestibule door and appeared before them.
 {¶ 18} At that time, Welsh stated that he asked appellant who he was with on the premises, informed appellant of the trespass policy again, explained that there were complaints from residents about people from Cleveland, and asked to see appellant's identification so they could check for warrants. Appellant even testified that Welsh asked him who he was with and appellant answered him. Appellant further testified that he freely gave the officers his identification to check for warrants. When asked how appellant responded to his request for consent to search, Welsh testified that "He said, `Yes. I don't have anything on me,' and voluntarily raised his hands over top of his head in the air."
 {¶ 19} Although the transcript contains conflicting testimony, the trial court found Welsh's testimony more credible than appellant's testimony with regard to the events in question. This Court gives deference to the trial court with regard to credibility findings because "the trial court is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Giurbino v.Giurbino (1993), 89 Ohio App.3d 646, 659, citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 20} In light of the testimony in the hearing transcript, this Court finds that the officers and appellant engaged in a consensual encounter that does not raise any Fourth Amendment issues concerning appellant's subsequent arrest and convictions. The officers approached appellant in a public place and engaged appellant in conversation, in which appellant voluntarily listened and responded to the officers. Welsh requested identification from appellant, which he freely gave to Welsh, and the circumstances of the interaction were such that appellant was free to not answer and walk away.
 {¶ 21} After a careful review of the record, this Court finds that the trial court did not err in denying appellant's motion to suppress. Rather, this Court finds that the trial court's denial of appellant's motion to suppress is supported by competent, credible evidence.
 III. {¶ 22} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
WHITMORE, J., BATCHELDER, J., CONCUR