This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Raymond L. Sugalski, Jr., appeals the decision of the Wadsworth Municipal Court which denied his motion to suppress. This Court affirms.
 I. {¶ 2} On March 8, 2002, appellant was cited for driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1), and prohibited concentration of alcohol, a violation of R.C. 4511.19(A)(3). Appellant appeared in Wadsworth Municipal Court on March 11, 2002, and pled not guilty to both charges.
 {¶ 3} On March 29, 2002, appellant filed a motion to suppress evidence. A hearing was held on the matter on May 1, 2002, after which the trial court denied appellant's motion. On May 9, 2002, appellant changed his former plea of not guilty to both charges to that of no contest in regard to the charge of prohibited concentration of alcohol on the condition that the State recommend dismissing the driving under the influence of alcohol charge against appellant. The trial court accepted appellant's plea, found appellant guilty with respect to the prohibited concentration of alcohol charge, and dismissed the remaining charge.
 {¶ 4} On June 19, 2002, appellant was sentenced to 30 days in jail, of which 27 days were suspended, a 180-day license suspension, a $250.00 fine plus costs, a six point assessment against his driver's license, 24 hours of community service, attendance at a 72 hour alcohol program, and one year of probation. The court granted appellant a stay of his sentence.
 {¶ 5} Appellant timely appealed and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS BECAUSE THE OFFICER HAD NO REASONABLE AND ARTICULABLE SUSPICION TO INITIATE AND CONTINUE THE TRAFFIC STOP."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Appellant specifically argues that the police officer had no reasonable and articulable suspicion to initiate and continue the traffic stop against him.
 {¶ 8} An appellate court's standard of review with respect to a motion to suppress is de novo. State v. Nichols, 9th Dist. No. 01CA0037, 2002-Ohio-1993, at ¶ 4. However, the reviewing court need only determine whether the trial court's findings are supported by some competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer
(1996), 112 Ohio App.3d 521, 548, citing State v. Venham (1994),96 Ohio App.3d 649, 653.
 {¶ 9} The appellate court's review of the facts looks only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. State v. Bing (1999), 134 Ohio App.3d 444, 448, citing Ornelas v. U.S. (1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. However, once accepting those facts as true, the appellate court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
 {¶ 10} RA law enforcement officer may perform a warrantless investigative stop of a vehicle if it is supported by a reasonable, articulable suspicion that the driver is engaged in criminal activity or is operating his vehicle in violation of the law. See Delaware v. Prouse
(1979), 440 U.S. 648, 663, 59 L.Ed.2d 660. The United States Supreme Court has held that a traffic stop is lawful, regardless of an officer's motives in stopping a vehicle, so long as a reasonable officer could stop the vehicle for a traffic violation. Whren v. United States (1996),517 U.S. 806, 809, 813, 135 L.Ed.2d 89.
 {¶ 11} An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9. See, also, App.R. 12(A)(1)(b). In accordance with App.R. 9(B), the appellant assumes the duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A); Statev. Ishmail (1978), 54 Ohio St.2d 402, 405-406. This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; App.R. 9(B).
 {¶ 12} In this case, the record on appeal consists of the docket and journal entries from the trial court, as well as a certified videotape of the following proceedings: the motion to suppress hearing, appellant's change of plea, and appellant's sentencing hearing. This Court finds that the videotape is insufficient to satisfy the appellant's burden of establishing error. App.R. 9(A) provides, in pertinent part:
 {¶ 13} "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." (Emphasis added.) See, also, Loc.R. 5(A)(1)(b).
 {¶ 14} Appellant provided a certified videotape of the motion to suppress hearing and attached a typed statement within the appendix of his brief that appellant refers to as "relevant portions of video transcript." The typed statement contains two questions and answers from the prosecution's direct examination of Officer Shannon and 18 questions and answers from the defense's cross examination of Officer Shannon. However, appellant failed to provide this Court with a complete typed statement of the relevant portions of the video transcript. Moreover, counsel for appellant failed to certify the portions of the transcript that were provided in the appendix of appellant's brief.
 {¶ 15} A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, "the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp,61 Ohio St.2d at 199. Appellant failed to certify the typed portions of the videotape transcript he provided for the review of his assignment of error; therefore, this Court must presume the regularity of the trial court's proceedings and affirm its judgment. See, e.g., State v.Williams (Apr. 10, 2002), 9th Dist. No. 3247-M; State v. Schwarz (Nov. 7, 2001), 9th Dist. No. 3176-M; State v. Buzzelli (Oct. 24, 2001), 9th Dist. No. 3145-M. Accordingly, appellant's sole assignment of error is overruled.
 III. {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., BATCHELDER, J., CONCUR.