This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-Defendant Garland Amos has appealed from an order of the Wayne County Municipal Court which denied his motion to suppress all of the evidence against him. This Court affirms.
 I
Deputy Hunt of the Wayne County Sheriff's office, was driving south on Sylvan Road when he observed a car traveling northbound with its high beam lights on. Deputy Hunt blinked his lights to signal the driver to dim his or her lights, but the driver did not respond. As the car approached and passed Deputy Hunt's vehicle, Deputy Hunt observed that his radar unit indicated that the driver's speed increased from 59 miles per hour to 63 miles per hour. Because the maximum allowable speed in that zone was 55 miles per hour, Deputy Hunt turned his vehicle around and initiated a traffic stop. Upon approaching the vehicle, Deputy Hunt smelled an odor of alcohol and asked the driver how much the driver had had to drink that evening. The driver identified himself as Garland Amos and stated that he had had 3 or 4 beers earlier in the day. Deputy Hunt conducted a field sobriety test, which Amos failed.
Amos was transported to the Wayne County Justice Center for a breathalizer test, but was unable to complete the test, indicating that he could not blow long enough. He was placed under arrest and charged with driving under the influence, speeding, and failing to dim his headlights. Amos consented to a blood draw and was transported to a local hospital where an emergency room staff member drew a sample of his blood and tested the sample. The results indicated that Amos' blood alcohol content was above the legal limit, and he was charged with driving with a prohibited blood alcohol content.
Amos entered a not guilty plea to the charges and filed a motion to suppress the evidence obtained against him. After a hearing, the trial court denied the motion. Pursuant to a plea agreement, Amos entered a plea of no contest to the charge of operating a motor vehicle with a prohibited blood alcohol content, and the remaining charges were dismissed. The trial court sentenced Amos to 15 days in jail, suspended 12 of those day, fined Amos $400 plus costs, and ordered a one-year license suspension. Amos has timely appealed and has asserted one assignment of error.
 II
Amos has contended that the trial court erred in denying his motion to suppress. Specifically, Amos has argued that his motion should have been granted because the state failed to present evidence of "a violation of law so as to form the basis of a reasonable and articulate [sic] suspicion for a traffic stop[.]" Amos has further asserted that "any alleged traffic violation was de minimus [sic] and required more to support a reasonable and articulate [sic] suspicion for [the] traffic stop." This Court disagrees.
An appellate court reviews a trial court's decision on a motion to suppress de novo. State v. Bing (1999), 134 Ohio App.3d 444, 448, citingOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,134 L.Ed.2d 911, 920. At a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact." State v. Smith (1991), 61 Ohio St.3d 284, 288. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739,741.
When an officer has probable cause to believe that a traffic violation is occurring, the stop is not unreasonable under the Fourth Amendment even if the officer had some ulterior motive for making the stop. Whrenv. United States (1996), 517 U.S. 806, 813, 116 S.Ct. 1769,135 L.Ed.2d 89, 98; Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus.
In the present case, the trial court found that Deputy Hunt was justified in stopping Amos because the Deputy had observed Amos speeding. This finding is supported by the record. The officer testified that he initiated the stop because Amos, who was driving with his high beam lights on, was exceeding the posted speed limit. On cross-examination, Amos said that he did not dispute that he was speeding, and that when the officer stopped him, the officer told Amos that Amos "was doing sixty-one or sixty-two" in a fifty-five mile per hour zone. Accordingly, this Court finds that the trial court did not err in denying Amos' motion to suppress.
 III
Amos' sole assignment of error is overruled. The judgment of the municipal court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.