This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Aaron J. Nichols has appealed from judgments of the Wayne County Municipal Court that denied his motion to suppress and found him guilty of driving under the influence of alcohol in violation of R.C. 4511.19. This Court affirms.
 I
On March 17, 2000, Appellant was arrested and charged with driving under the influence of alcohol and driving with a prohibited breath alcohol concentration in violation of R.C. 4511.19(A)(1) and (3) ("DUI"). Appellant subsequently filed a motion to suppress, arguing that the arresting officer did not have probable cause to arrest Appellant. The motion also challenged the state's ability to demonstrate compliance with Department of Health regulations with respect to the machine used to measure Appellant's breath alcohol content. Following a hearing, the trial court denied Appellant's motion to suppress.
Appellant thereafter entered a plea of no contest to the DUI charges, was found guilty by the trial court, and was sentenced to one year in jail, a $750.00 fine, and a ten-year license suspension. Appellant has timely appealed, asserting two assignments of error.
 II
An appellate court reviews a trial court's decision on a motion to suppress de novo. State v. Bing (1999), 134 Ohio App.3d 444, 448, citingOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,1663, 134 L.Ed.2d 911, 920. However, the appellate court reviews the facts only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Id. Accordingly, this Court accepts the factual determinations of the trial court if they are supported by competent, credible evidence, and without deference to the trial court's conclusions will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994),95 Ohio App.3d 93, 96.
 Assignment of Error Number One The trial court erred in finding that the State of Ohio had produced sufficient evidence to establish that the officer had probable cause to arrest Appellant for driving under the influence.
In his first assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress because the arresting officer did not have probable cause to arrest him for driving under the influence. Specifically, Appellant has argued that the state failed to establish that his alcohol consumption impaired his ability to operate a motor vehicle.
The Ohio Supreme Court has stated:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. In making this determination, [a court] will examine the "totality" of facts and circumstances surrounding the arrest.
(Citations omitted.) State v. Homan (2000), 89 Ohio St.3d 421, 427. Appellant has argued that Appellant was not engaged in any erratic driving "normally associated with impaired driving," and was not staggering or slurring his speech during his encounter with the police.
The first witness who testified at the hearing on Appellant's motion to suppress was Trooper Nakia James Hendrix. Trooper Hendrix testified that on March 17, 2000, he was traveling westbound on County Road 150 when he observed that the vehicle approaching from the eastbound direction did not have a front license plate. Trooper Hendrix stated that he turned his cruiser around to determine whether the vehicle had an Ohio license plate in the back, and discovered that it did. The trooper then initiated a traffic stop.
Trooper Hendrix testified that when he approached Appellant's vehicle, he observed that Appellant's eyes were glossy, bloodshot, and red. He also stated that a moderate odor of alcohol was emanating from Appellant's person. The trooper then asked Appellant if he had been drinking, and Appellant responded that he had had "a few beers."
Trooper Hendrix then asked Appellant to exit the vehicle to perform a series of field sobriety tests. The first test administered by the trooper was the horizontal gaze nystagmus test. The trooper testified that he found three clues in each eye, which he described as a "a lack of smooth pursuit, * * * distinct nystagmus at maximum deviation and there was also an onset prior to forty-five degrees." Appellant then performed the one leg stand test. Trooper Hendrix reported that Appellant also scored three clues on this test, including putting his foot down three times and excessively raising his arms. Finally, Trooper Hendrix testified that he administered the walk and turn test, during which Appellant scored four clues. The trooper testified that Appellant stepped off the imaginary line three times, swayed to keep his balance while listening to the instructions, and turned incorrectly. Trooper Hendrix testified that, based on the results of each test, he determined that Appellant's ability to operate a motor vehicle was impaired. The trooper testified that he then placed Appellant under arrest for DUI.
Trooper Hendrix's testimony, which was unrefuted by any evidence presented by Appellant at the suppression hearing, constitutes competent and credible evidence of Appellant's appearance, admissions, and poor performance on the field sobriety tests. Accordingly, this Court will not disturb the factual findings of the trial court. Moreover, having reviewed the totality of the facts and circumstances surrounding Appellant's arrest, this Court concludes that Trooper Hendrix had probable cause to arrest Appellant. Appellant's bloodshot and glossy eyes, the odor of alcohol coming from his person, his admission that he had been drinking, and his failures during the performance of three field sobriety tests constitute sufficient information to cause Trooper Hendrix to suspect that Appellant was driving under the influence of alcohol. See,e.g., State v. Tomko (Nov. 3, 1999), Summit App. No. 19253, unreported, at 8. Appellant's first assignment of error is overruled.
 Assignment of Error Number Two The trial court erred in denying Appellant's motion to suppress and by finding that the State of Ohio had established compliance with the Department of Health Regulations set forth in O.A.C. 3701-53-04(A).
In his second assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress because the state failed to establish compliance with regulations requiring periodic checks of the breath testing instrument used by Appellant. Specifically, Appellant has argued that the required checks were not performed "every seven days" as mandated by the Department of Health.
O.A.C. 3701-53-04(A) provides:
 A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
At the suppression hearing, Sergeant Byron Lyle of the Rittman Police Department testified that he was the senior operator of the "BAC Datamaster" at the department, and that his responsibilities included overseeing the calibration checks. Sergeant Lyle further testified that a calibration check was performed on the instrument on March 10, 2000, beginning at 12:00 a.m. and concluding at 12:03 a.m. A certification of this check was entered into evidence at the suppression hearing.
Appellant has observed that this certification bears the date of March 9, 2000. Sergeant Lyle explained that although the test was initiated at midnight on March 10, the clock on the instrument does not indicate the change in the date until one minute after midnight. Both Sergeant Lyle's testimony and the certification were unrefuted at the suppression hearing. Accordingly, the trial court's finding that the instrument was tested between 12:00 and 12:03 a.m. on March 10, 2000, is supported by competent, credible evidence.
Appellant performed his breath test at approximately 3:00 a.m. on March 17, 2000. Appellant's test was therefore approximately one hundred seventy-one hours after the March 10, 2000 check. There was no suggestion that the instrument was improperly calibrated or was otherwise malfunctioning during the time between the March 10, 2000 check and Appellant's test. Consequently, the instrument was in compliance with O.A.C. 3701-53-04(A) at the time of Appellant's test. See State v.Stecion (Jan. 30, 2002), Summit App. No. 20626, unreported. Appellant's second assignment of error is overruled.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR