This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Isaac N. Mayle has appealed from an order of the Wayne County Court of Common Pleas that denied his motion to suppress evidence. This Court affirms.
 I
Before addressing the merits of the appeal, we note that the state did not file an appellate brief. Therefore, this Court assumes that the facts stated in Appellant's brief are correct, and this Court's judgment is based on the facts as stated. See App.R. 18(C).
Appellant was operating a 1998 Lincoln Towncar limousine when he was stopped by Trooper Abbuhl of the Ohio State Highway Patrol. Trooper Abbuhl initiated the stop because Appellant was traveling seventy-five miles per hour in a zone with a posted maximum speed of sixty miles per hour. Traveling with Appellant was a thirteen-year-old male, who occupied the front passenger seat of the vehicle.
During the stop, it was discovered that there was an active felony warrant outstanding for the arrest of Appellant. Trooper Abbuhl thereupon handcuffed Appellant and placed him under arrest. Meanwhile, Trooper Norman arrived on the scene, and approached the juvenile who was still in the passenger seat of the limousine. Trooper Norman and the child became engaged in a conversation through the open passenger-side window. At the suppression hearing, Trooper Norman testified that during his conversation with the juvenile he observed that the divider in the limousine was raised, separating the front seat of the vehicle from the rear passenger compartment. Trooper Norman stated that he asked the juvenile if there were any passengers in the rear of the limousine, and the child responded that there were none. Trooper Norman also testified that during his conversation with the juvenile, he detected the odor of "raw marijuana." Trooper Norman then asked the juvenile to step out of the vehicle, and the trooper proceeded to open the rear door of the limousine. In the rear passenger compartment of the limousine Trooper Norman found bags containing bales, or "bricks," of marijuana.
Appellant was subsequently indicted on one count of possession of marijuana in an amount exceeding twenty thousand grams in violation of R.C. 2925.11(A), a second degree felony. Appellant filed a motion to suppress the evidence against him. After a hearing on the matter, the trial court denied Appellant's motion to suppress. Appellant thereafter entered a plea of no contest to the charge of the indictment, and was sentenced to a prison term of two years. Appellant has timely appealed from the denial of his motion to suppress, asserting one assignment of error.
 II Assignment of Error "The trial court erred to the prejudice of [Appellant], when it failed to suppress all of evidence [sic] arising from an illegal search and seizure that was contrary to Appellant's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution (Judgment Entry dated November 8, 2001)."
In his sole assignment of error, Appellant has argued that the trial court erroneously denied his motion to suppress evidence, because the search during which the marijuana was discovered violated his federal and state constitutional rights. Specifically, Appellant has maintained that Trooper Norman did not have probable cause to open the rear door of the limousine, and the trooper's subsequent warrantless search violated his right to be free from unreasonable searches and seizures.
An appellate court reviews a trial court's decision on a motion to suppress de novo. State v. Bing (1999), 134 Ohio App.3d 444, 448, citingOrnelas v. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,134 L.Ed.2d 920. However, the appellate court reviews the facts only for clear error, giving due weight to the trial court as to the inferences drawn from those facts. Id. Accordingly, this Court accepts the factual determinations of the trial court if they are supported by competent, credible evidence, and without deference to the trial court's conclusions will determine "whether, as a matter of law, the facts meet the appropriate legal standard." State v. Curry (1994), 95 Ohio App.3d 93,96.
The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibits unreasonable searches and seizures. Section 14, Article I of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment, and similarly prohibits unreasonable searches and seizures. State v. Kinney
(1998), 83 Ohio St.3d 85, 87, certiorari denied (1999), 526 U.S. 1007,119 S.Ct. 1148, 143 L.Ed.2d 214. For a search to be reasonable within the meaning of the Fourth Amendment:
"[I]t must be based upon probable cause and executed pursuant to a warrant. Katz v. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507,514, 19 L.Ed.2d 576, 585; State v. Brown (1992), 63 Ohio St.3d 349, 350,588 N.E.2d 113, 114. This requires a two-step analysis. First, there must be probable cause. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed. Mapp v. Ohio (1961), 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081; AL Post 763 v. Ohio Liquor Control Comm. (1998), 82 Ohio St.3d 108, 111, 694 N.E.2d 905, 908." State v. Moore
(2000), 90 Ohio St.3d 47, 49.
In the case sub judice, Appellant has not challenged the initial stop of his vehicle based on the speeding violation. Nor has Appellant argued that the state's subsequent custodial arrest of Appellant pursuant to his outstanding felony warrant was unlawful. Appellant has argued, rather, that Trooper Norman lacked probable cause to open the door of the limousine and conduct the search that led to the discovery of the marijuana. In the lower court, the state argued that the trooper had probable cause to search based on his perception of the odor of raw marijuana during his conversation with the juvenile passenger. Alternatively, the state argued that even if Trooper Norman lacked probable cause and the search was unlawful, the "inevitable discovery" exception to the exclusionary rule applied. The state contended that the vehicle would have been towed and an inventory search conducted pursuant to departmental policy, which would have uncovered the marijuana used as evidence against Appellant. See State v. Perkins (1985), 18 Ohio St.3d 193, syllabus.
This Court declines to reach either the issue of whether or not Trooper Norman had probable cause to search the limousine based on the odor of raw marijuana, or the state's alternative argument regarding the inevitable discovery rule. Rather, we conclude that the search of Appellant's vehicle was proper based on the Ohio Supreme Court's recent holding in State v. Murrell (2002), 94 Ohio St.3d 489, 2002-Ohio-1483.
In Murrell, the court revisited its earlier holding in State v. Brown
(1992), 63 Ohio St.3d 349, certiorari denied (1992), 506 U.S. 862,113 S.Ct. 182, 121 L.Ed.2d 127, which distinguished and declined to apply to the Ohio Constitution the "bright line" rule announced by the United States Supreme Court in New York v. Belton (1981), 453 U.S. 454,101 S.Ct. 2860, 69 L.Ed.2d 768 (holding that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may search the passenger compartment of the automobile as a contemporaneous incident of the arrest). The court in Murrell overruled Brown and appliedBelton's bright line rule to harmonize the Fourth Amendment and Section14, Article I of the Ohio Constitution. Murrell, at 495-496.
Murrell involved facts nearly identical to those in the case at bar. The appellant in that case was lawfully stopped for speeding, and a check of his license during the stop revealed that he had an outstanding arrest warrant for failure to pay child support. The officer arrested the appellant, handcuffed him, and seated him in the police cruiser. The officer then proceeded to search the vehicle. On the floorboard in the front driver's seat was a small cloth bag that was found to contain cocaine. The appellant moved to suppress the evidence as the fruit of a search that violated his constitutional rights, and the trial court granted the motion, apparently relying on the authority of Brown. The Ohio Supreme Court reversed, concluding:
 "[I]n the circumstances before us we should harmonize the Fourth Amendment and Section 14, Article I of the Ohio Constitution. We thus overrule Brown and its syllabus paragraph. Consistent with Belton, we hold that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. Under our holding, the warrantless search of appellant's vehicle did not violate the Fourth Amendment or Section 14, Article I [of the Ohio Constitution]." Id. at 496.
This Court finds the foregoing holding by the Ohio Supreme Court dispositive of the instant appeal. Under Murrell, the search of the passenger compartment of the limousine following the custodial arrest of Appellant was not a violation of his rights under either theFourth Amendment to the United States Constitution or Section 14, Article I of the Ohio Constitution. Accordingly, we decline to address the issues of Trooper Norman's probable cause to search based on the odor of raw marijuana or what the state argued would have been the inevitable discovery of the marijuana as a consequence of an inventory search after the vehicle had been towed. Appellant's assignment of error is not well taken.
 III
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR