This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, William Richardson, appeals the denial of his motion to suppress in the Summit County Court of Common Pleas. We affirm.
 I.
{¶ 2} On October 18, 2001 at approximately 2:30 a.m., while on routine patrol, Akron Police Officer Jeff Shields saw a pick-up truck parked behind a closed Denny's restaurant on Romig Road. Officer Shields drove his police cruiser into the parking lot to investigate. As he approached the pick-up truck, the truck drove away at a "higher than normal" rate of speed. Officer Shields activated his overhead lights and proceeded to pull the vehicle over. Officer Shields stated that both the driver, who was later identified as William Richardson, and the passenger, who was later identified as Steven Spiker, began making furtive movements, and it appeared to Officer Shields that the two men were passing items back and forth. Officer Shields further stated that when he approached the vehicle, the driver, Richardson, was sweating profusely. The record indicates that upon a search of the vehicle, law enforcement found a pill bottle hidden in the seat, which contained cocaine.
{¶ 3} On October 26, 2001, the Summit County Grand Jury returned a two-count indictment charging Richardson with one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and one count of possession of cocaine, in violation of R.C. 2925.11(A). Richardson filed a motion to suppress, arguing that the police officers lacked reasonable suspicion that Richardson was engaged in criminal activity at the time the officers initiated the traffic stop. A hearing was held before the trial court on January 15, 2002, and the trial court denied the motion to suppress.
{¶ 4} The State moved to amend the first count of the indictment from trafficking in cocaine to attempted trafficking in cocaine. Richardson subsequently withdrew his plea of not guilty, and entered a plea of no contest to the amended charge of attempted trafficking in cocaine. The charge of possession of cocaine was dismissed, and the trial court sentenced Richardson accordingly. This appeal followed.
 II. Assignment of Error
{¶ 5} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
{¶ 6} In his sole assignment of error, Richardson argues that the trial court erred when it denied his motion to suppress the evidence obtained from the search of his vehicle. He asserts that the police officer lacked reasonable suspicion of criminal activity to justify the investigatory stop and subsequent search of the vehicle. We disagree.
{¶ 7} We begin by noting that appellate review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332. The determination of whether a police officer had probable cause or reasonable suspicion for a traffic stop is reviewed de novo. State v.Bing (1999), 134 Ohio App.3d 444, 448, citing Ornelas v. United States
(1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911. However, we give due deference to the trial court's factual findings, accepting the findings if they are supported by competent, credible evidence. State v.Fitzgerald, 9th Dist. No. 20866, 2002-Ohio-4523, at ¶ 6. See, also,State v. Amos (Oct. 31, 2001), 9th Dist. No. 01CA0029, at 3, quotingState v. Searls (1997), 118 Ohio App.3d 739, 741. The trial court assumes the role of the trier of fact when ruling on a motion to suppress and is therefore is in the best position to resolve factual questions and evaluate credibility of the witnesses. State v. Russell (1998),127 Ohio App.3d 414, 416.
{¶ 8} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures. State v. Kinney (1998), 83 Ohio St.3d 85, 87, certiorari denied (1999), 526 U.S. 1007, 119 S.Ct. 1148,143 L.Ed.2d 1081. Although the Fourth Amendment does not explicitly provide that violations of its provisions will result in suppression of evidence obtained as a result of the violation, the United States Supreme Court has held that the exclusion of that evidence is an essential part of theFourth Amendment. See Mapp v. Ohio (1961), 367 U.S. 643, 657,81 S.Ct. 1684, 6 L.Ed.2d 1081.
{¶ 9} A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. Whren v. United States (1996), 517 U.S. 806,809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89. However, an investigative stop of a motorist does not violate the Fourth Amendment if the officer has a reasonable and articulable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner (1999), 87 Ohio St.3d 295, 299, citing Terry v. Ohio (1968), 392 U.S. 1, 22, 88 S.Ct. 1868,20 L.Ed.2d 889. "To justify a particular intrusion, the officer must demonstrate `specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" Id., quoting Terry, 392 U.S. at 21.
{¶ 10} In the hearing on the motion to suppress, Officer Shields testified that he observed Richardson's vehicle stopped behind the Denny's restaurant. This particular Denny's is open 24 hours only on the weekends, and was not open on this particular day. He testified that although there were lights on inside the Denny's restaurant, no other cars were in the parking lot at the time. Officer Shields also stated that there are many businesses in this area, that no businesses were open at 2:30 a.m., and that the area is a very high crime area. Officer Shields acknowledged that he was on routine patrol when he observed Richardson's vehicle, and that he was not responding to a particular complaint at the time. Officer Shields also testified that as he approached the pick-up truck in his police cruiser, Richardson drove away at a "higher than normal" rate of speed.
{¶ 11} Robyn Rife, the manager of Denny's, testified that this Denny's is open 24 hours on Friday and Saturday; on the remaining days of the week, the restaurant closes at midnight. She also testified that, upon closing, the employees leave on all of the lights, with the exception of the lights on the ceiling fans, for security purposes. Rife testified that a sign on Denny's front door states that the restaurant is open 24 hours on Fridays and Saturdays. Rife also stated that this Denny's was not open 24 hours on the weekends until March of that year.
{¶ 12} In denying the motion to suppress, the trial court found that the restaurant was closed and it is located in a high crime area, where there are a lot of break-ins. The trial court also found that as the police pulled into the parking lot, Richardson's vehicle left at a high rate of speed. Given our review of the record, we cannot say that the trial court erred when it denied Richardson's motion to suppress. Officer Shields had a reasonable and articulable suspicion Richardson was engaged in criminal activity, based upon the totality of the circumstances. Accordingly, Richardson's sole assignment of error is overruled.
 III.
{¶ 13} The sole assignment of error is overruled, and the judgment of Summit County Court of Common Pleas is affirmed.
CARR, J. and BATCHELDER, J. CONCUR.