This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Michelle Lynn Duncan has appealed from an order of the Summit County Court of Common Pleas that found her guilty of possession of cocaine. This Court affirms.
 I
{¶ 2} In March 2002, Appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11, and one count of illegal use or possession of drug paraphernalia, in violation of R.C.2925.14(C)(1). Appellant entered a plea of not guilty to both charges, and filed a motion to suppress evidence. After a hearing, the court denied Appellant's motion. The trial court concluded that the arresting officer 1) conducted an investigatory stop that was justified by reasonable suspicion of criminal activity, 2) observed drug paraphernalia on Appellant's person during the stop, and 3) discovered crack cocaine during a lawful search incident to Appellant's arrest. Appellant thereafter entered a plea of no contest to the charge of possession of cocaine and, pursuant to the state's motion, the court dismissed the charge of illegal use or possession of drug paraphernalia. The court then found Appellant guilty of possession of cocaine and sentenced her to two years of community control. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
{¶ 3} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO SUPPRESS FINDING THE STOP AND SEARCH OF APPELLANT TO BE WITHIN THE LEGITIMATE SCOPE OF THE FOURTH AMENDMENT AND ADMITTING THE FRUITS OF THE SEARCH INTO EVIDENCE."
{¶ 4} In her sole assignment of error, Appellant has argued that the trial court erred in overruling her motion to suppress a crack pipe and crack cocaine that was found on her person. Appellant has contended that she was both seized and searched in violation of herFourth Amendment rights, and the trial court's denial of her motion to suppress the crack pipe and cocaine obtained during the search and seizure constitutes reversible error.
{¶ 5} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. "`In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521,548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v.Venham (1994), 96 Ohio App.3d 649, 653. Accordingly, "[a]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell
(1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States
(1996), 517 U.S. 690, 698-699, 116 S.Ct. 1657, 134 L.Ed.2d 911.
{¶ 6} The Fourth Amendment to the United States Constitution guarantees certain protections: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" The exclusion of evidence obtained in violation of these provisions is an essential part of theFourth Amendment. State v. Jones (2000), 88 Ohio St.3d 430, 434; Mapp v.Ohio (1961), 367 U.S. 643, 655-656, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
{¶ 7} Although the Fourth Amendment guarantees individuals the right "to be secure in their persons" from unreasonable seizures, "not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Terry v. Ohio (1968),392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889, fn. 16.
{¶ 8} Consequently, consensual encounters between police and citizens do not implicate Fourth Amendment protections at all. Floridav. Royer (1982), 460 U.S. 491, 497-498, 103 S.Ct. 1319, 75 L.Ed.2d 229. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen[.]" Royer,460 U.S. at 497. Consensual encounters, therefore, are those "where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away." State v. Taylor (1995), 106 Ohio App.3d 741, 747, citingUnited States v. Mendenhall (1980), 446 U.S. 544, 553, 100 S.Ct. 1870,64 L.Ed.2d 497.
{¶ 9} In Taylor, the court distinguished consensual encounters from seizures on the basis of whether "the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter." Taylor,106 Ohio App.3d at 748; see, also, California v. Hodari (1991), 499 U.S. 621, 629,111 S.Ct. 1547, 113 L.Ed.2d 690 (holding that a seizure occurs where a law enforcement officer either applies physical force in restraining an individual, or exercises a "show of authority" with which the individual complies or submits). Indicia of a seizure, even where the person did not attempt to leave, include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." Mendenhall,446 U.S. at 554.
{¶ 10} At the hearing at which the trial court denied Appellant's motion to suppress, the court made the following findings of fact:
{¶ 11} "[T]he officer saw [Appellant] crossing the street away from his cruiser. He asked [Appellant] how she was and asked if she could come over and speak with him. She was in a known drug neighborhood crossing the street away from the officer, acting nervously and speaking rapidly.
{¶ 12} "The officer had previous knowledge of [Appellant] from her prior arrests. He believed based on his observation of her and his experience dealing with persons that use drugs that [Appellant] in this case was under the influence of an illegal substance.
{¶ 13} "He then asked if [Appellant] had any drugs on her and then he asked if he could search her. She consented to the search. Before he could search her person, she voluntarily emptied her pocket and a crack pipe then fell out. Thereafter, a search incident to arrest discovered an Altoids container in which there was crack cocaine."
{¶ 14} After thoroughly reviewing the record, we conclude that the trial court's factual findings are supported by competent, credible evidence. At the suppression hearing, the sole witness was Officer James Cunningham of the Akron Police Department. Officer Cunningham testified that he saw Appellant walking in front of an apartment building at which the police had made several drug arrests, in an area in which prostitution was also prevalent. The officer stated that he recognized Appellant from her prior encounters with the police over the last several years, and that he knew Appellant had a problem with crack cocaine and had been arrested in the past for prostitution.
{¶ 15} Officer Cunningham further testified that he wanted to talk to Appellant, to "find out what she was doing in the area" and to "just basically conduct a field interview on her." The officer stated that he pulled into a nearby parking lot and, from his police cruiser, said "`Hey, Michelle, come over here for a second,' or something to that effect." The officer testified that Appellant then walked over to his cruiser and he asked if she had any drugs or outstanding warrants, and if she would mind if he "checked her for drugs." The officer averred that Appellant then began emptying her pockets, at which time a metal crack pipe fell out of her pocket and onto the ground. According to the officer, Appellant also removed an Altoids mint container from her pocket, which he opened and found to contain nine rocks of crack cocaine.
{¶ 16} Although we find that Officer Cunningham's testimony constitutes competent, credible evidence in support of the trial court's factual findings, we disagree with the trial court's conclusion that the encounter between the officer and Appellant constituted a seizure within the meaning of the Fourth Amendment. The officer hailed Appellant in a public parking lot and engaged her in a conversation, in which Appellant voluntarily participated and responded to the officer's questions. The officer did not display any physical force or order Appellant to do anything. In response to the officer's inquiry as to whether he could check her for drugs, Appellant voluntarily emptied her pockets and a crack pipe fell out. The record does not support an inference that, prior to the issuance of the crack pipe, a reasonable person in Appellant's position would not have felt free to terminate the encounter with Officer Cunningham and walk away. Under these circumstances, the encounter that led to the officer's discovery of the crack pipe was consensual in nature, and did not implicate Fourth Amendment protections at all.
{¶ 17} During the course of the encounter, Officer Cunningham also conducted a warrantless search of the Altoids mint container that Appellant produced from her pocket. The trial court concluded that the officer's search of the Altoids container was a lawful search incident to the arrest of Appellant. We agree.
{¶ 18} "[A] full search of the person incident to a lawful custodial arrest is not only an exception to the warrant requirement of the Fourth Amendment but is also a `reasonable' search under that amendment." State v. Mathews (1976), 46 Ohio St.2d 72, 74, citing UnitedStates v. Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427. "Pursuant to their authority to conduct a search incident to arrest, police are authorized to conduct a full search of the arrestee's person and the area within his immediate control[.]" State v. Myers (1997),119 Ohio App.3d 376, 380, citing Chimel v. California (1969), 395 U.S. 752, 89 C.Ct. 2034, 23 L.Ed.2d 685.
{¶ 19} At the time Officer Cunningham observed the crack pipe tumble out of Appellant's pocket, he had probable cause to arrest Appellant for possession of drug paraphernalia. "Where the police officer has probable cause to arrest independent of the items obtained in the search, but does not arrest until shortly after the search, the search is not offensive to the Fourth Amendment to the United States Constitution."State v. Bing (1999), 134 Ohio App.3d 444, 447-448, citing Rawlings v.Kentucky (1980), 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633.
{¶ 20} Based on the trial court's properly supported factual findings, we conclude that Officer Cunningham and Appellant were engaged in a consensual encounter, during the course of which the officer observed a crack pipe fall out of Appellant's pocket. This observation gave the officer probable cause to arrest Appellant, and the subsequent search of her Altoids mint container was lawfully conducted as a search incident to her arrest. Accordingly, we must affirm the trial court's order denying Appellant's motion to suppress in spite of the trial court's erroneous determination that the encounter constituted a seizure within the meaning of the Fourth Amendment. See State v. Payton (1997),124 Ohio App.3d 552, 557. Appellant's assignment of error is without merit.
 III
{¶ 21} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR.