This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant William A. Perkins has appealed from the denial of his motion to suppress evidence entered by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In June 2002, Appellant was indicted on one count of possession of crack cocaine in violation of R.C. 2925.11(A), one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), and one count of possession of marijuana in violation of R.C. 2925.11(A). Appellant entered a plea of not guilty to the charges, and filed a motion to suppress evidence. After a hearing on the matter, the trial court denied Appellant's motion. Appellant thereafter entered a plea of no contest to the charges of possession of crack cocaine and illegal manufacture of drugs, and the charge of possession of marijuana was dismissed. The trial court sentenced Appellant to a four-year term of imprisonment on each count, to be served concurrently. Appellant has timely appealed from the denial of his motion to suppress, asserting one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS WHERE THE WARRANT WAS BASED UPON INSUFFICIENT AND MISLEADING EVIDENCE."
 {¶ 3} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to suppress evidence. Appellant has argued that the warrant authorizing a search of all persons on the subject premises was too broad, and that the magistrate issued the warrant based on insufficient, incomplete, or misleading information.
 {¶ 4} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. "`In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'" State v. Hopfer (1996), 112 Ohio App.3d 521,548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v.Venham (1994), 96 Ohio App.3d 649, 653. Accordingly, "[a]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell
(1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States
(1996), 517 U.S. 690, 698-699, 116 S.Ct. 1657, 134 L.Ed.2d 911.
 {¶ 5} In its order denying Appellant's motion to suppress, the trial court made the following detailed findings of fact. At approximately 9:30 p.m., Akron police officers executed a warrant to search the second floor of the residence at 446 East Thornton Street. The warrant was obtained as a result of complaints by citizens, police surveillance, and investigations of alleged drug activity at that address. As part of the investigation, police had conducted controlled buys of narcotics from the location. When police arrived at 446 East Thornton Street, one of the officers realized he was seen by a person peering out from behind a window, who quickly retreated. The officers then encountered Appellant's aunt, who explained to the officer "the nature of the activities there." During the execution of the warrant, Appellant was found on the second floor. Sergeant Jason Malick of the Akron Police Department proceeded to pat Appellant down for weapons. Sergeant Malick felt a sack in Appellant's left pants leg, which he immediately suspected was cocaine. Since the officers were seen approaching the building, Sergeant Malick was aware that the suspects had time to hide any contraband. The officer retrieved the sack from Appellant's person, and the substance contained in the sack later tested positive for crack cocaine.
 {¶ 6} After reviewing the testimony adduced at the hearing on Appellant's motion, we find that the trial court's findings of fact are supported by competent, credible evidence. Appellant has not challenged the trial court's factual account of the search. Instead, Appellant has contended that the affidavit supporting the warrant contained insufficient and inaccurate information upon which the magistrate could conclude that probable cause existed to search "all persons" found on the premises. Specifically, Appellant has maintained that the affidavit did not specify whether any person apparently unconnected with illegal activity had been seen on the premises, and did not indicate that residents were renting separate rooms or apartments in the home.
 {¶ 7} The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" Section 14, Article I of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment, "and its protections are coextensive with its federal counterpart." State v.Kinney (1998), 83 Ohio St.3d 85, 87, certiorari denied (1999),526 U.S. 1007, 119 S.Ct. 1148, 143 L.Ed.2d 214. The exclusion of evidence obtained in violation of these provisions is an essential part of the constitutional guarantees against unlawful searches and seizures. SeeState v. Jones (2000), 88 Ohio St.3d 430, 434; Mapp v. Ohio (1961),367 U.S. 643, 655-656, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
 {¶ 8} A search warrant that contains a provision to search "all persons" on the premises "does not violate the Fourth Amendment requirement of particularity if the supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant." Kinney, 83 Ohio St.3d 85, at syllabus. The court adopted the following guidelines for determining whether sufficient probable cause exists to support the issuance of an "all persons" search warrant:
 "[The warrant application] must carefully delineate the character of the premises, for example, its location, size, the particular area to be searched, means of access, neighborhood, its public or private character and any other relevant fact. It must specifically describe the nature of the illegal activity believed to be conducted at the location, the number and behavior of persons observed to have been present during the times of day or night when the warrant is sought to be executed.
 "The application should also state whether any person apparently unconnected with the illegal activity has been seen at the premises. The warrant itself must limit the locus of the search to the area in which the criminal activity is believed to be confined and, according to the circumstances, may also specify the time for the search.
 "In determining the reasonableness of a particular warrant application, it is appropriate to consider the necessity for this type of search, that is, the nature and importance of the crime suspected, the purpose of the search and the difficulty of a more specific description of the persons to be searched. The risk that an innocent person may be swept up in a dragnet and searched must be carefully weighed." Id. at 95, quoting People v. Nieves (1975), 36 N.Y.2d 396, 404-405.
 {¶ 9} The court explained that its adoption of the foregoing guidelines was not intended to transform the assessment of probable cause to issue an "all persons" warrant into a hypertechnical one; rather, "practical, common-sense decisionmaking by magistrates" should inform the probable cause inquiry. Kinney, 85 Ohio St.3d at 95, citing State v.George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus.
 {¶ 10} In the case sub judice, the affidavit in support of the warrant was executed by Detective Ted Male of the Akron Police Department. In the affidavit, Detective Male stated that he had been employed by the Akron Police Department for the past eight years, and was currently a member of the Street Narcotics Uniform Detail. The detective averred that he believed that cocaine and other materials related to drug trafficking were illegally possessed within the second floor of 446 East Thornton Street. The detective set forth a detailed description of the premises in the affidavit, and provided a detailed account of his participation in a controlled buy of crack cocaine from the premises. Detective Male averred that he and other police officers witnessed frequent short-term traffic into and out of the premises during both day and night hours, and complaints received by the police indicated that the alleged drug trafficking activity regularly occurred during the night hours.
 {¶ 11} Based on the information contained in the affidavit, the magistrate had a sufficient basis upon which to determine that probable cause existed for the issuance of a warrant authorizing a search of the second floor of the residence and "all persons" found thereon. The fact that the affidavit did not specify whether any person apparently unconnected with illegal activity had been seen on the premises did not render the warrant defective. See Kinney, 83 Ohio St.3d at 96 ("[E]ven where there is no express indication that innocent people would not likely be on the search premises, magistrates ought to be permitted to make common-sense inferences supported by other evidence in the affidavits.").
 {¶ 12} Appellant has also asserted that the affidavit does not indicate that the house had multiple residents renting separate rooms or apartments on the premises. Accordingly, Appellant has contended, the magistrate's determination that "all persons" should be searched was based on insufficient, incomplete, or misleading information.
 {¶ 13} Detective Male testified at the suppression hearing that, subsequent to the issuance of the search warrant, he became aware that different residents rented out different rooms or apartments on the premises. Our review of the record, however, demonstrates that Appellant never raised in the trial court the argument that the evidence should be suppressed because the warrant was based on false or misleading information with respect to the division of the premises into separately rented units. Consequently, this issue is deemed waived and Appellant may not raise it for the first time on appeal. State v. Bing (1999),134 Ohio App.3d 444, 449. Appellant's assignment of error is not well taken.
 III. {¶ 14} Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR.